United States District Court
Southern District of Texas

**ENTERED**

March 16, 2020

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NESTOR FABIAN GONZALEZ-QUINTANILLA, Movant | § § § § | |
| v. | § § | Civil Action No. 1:19-cv-198 (Criminal Action No. 1:18-cr-631-1) |
| UNITED STATES OF AMERICA, Respondent | § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court has received Nestor Fabian Gonzalez-Quintanilla's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Gonzalez-Quintanilla's "Motion" or "§ 2255 Motion"). Dkt. No. 1. The Government has filed a Motion for Summary Judgment, asserting that Gonzalez-Quintanilla's Motion lacks merit. Dkt. No. 13. It is recommended that the Court: (1) **GRANT** the Government's Motion for Summary Judgment; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

## I. Jurisdiction

The Court has jurisdiction over Gonzalez-Quintanilla's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On September 25, 2018, Gonzalez-Quintanilla pleaded guilty to being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C.

§ 1326(a) and (b)(1).   *See United States of America v. Nestor Fabian Gonzalez-Quintanilla*, No. 1:18-cr-631-1, Dkt. No. 24 at 1.[1]   On December 19, 2018, United States District Judge Rolando Olvera sentenced Gonzalez-Quintanilla to 30 months of imprisonment and a two-year term of supervised release.   *Id.* at 1-2.   Judgment was entered on January 7, 2019.   *Id.* at 1.   Gonzalez-Quintanilla filed a notice of appeal on January 17, 2019.   CR Dkt. No. 26.   The Court of Appeals for the Fifth Circuit denied his appeal and affirmed his judgment.   CR Dkt. No. 33 ("It is ordered and adjudged that the judgment of the District Court is affirmed").

Gonzalez-Quintanilla filed his instant § 2255 Motion on October 21, 2019.[2]   Dkt. No. 1 at 1.   By way of asserting a ground for relief, Gonzalez-Quintanilla states as follows: "I'M asking if would you you please take in consideration My 'case The one I Have an enhencement Code is (2L1.2) It Supposted be against the law If you please helpe me with this matter."   *Id.* at 12 (errors in original).   He does not elaborate on these statements or otherwise assert additional grounds for relief.   *See generally* Dkt. No. 1. The Government filed its Motion for Summary Judgment on February 6, 2020.   Dkt. No. 13.   The Government argues that Gonzalez-Quintanilla's § 2255 Motion is subject to summary judgment because it is meritless.   *Id.*   Gonzalez-Quintanilla has not filed a

---

[1]   Hereinafter, Gonzalez-Quintanilla's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]   Gonzalez-Quintanilla does not specify when he placed his § 2255 Motion in the prison mailing system. Dkt. No. 1 at 13.   However, as his Motion was received within the one-year limitations period allowed by 28 U.S.C. § 2255(f), the Court need not apply the mailbox rule.   *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's habeas application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

reply to the Government's Motion for Summary Judgment, despite being provided with an opportunity to do so. *See* Dkt. No. 10 (notifying Gonzalez-Quintanilla of his opportunity to file a reply).

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

As noted above, Gonzalez-Quintanilla's § 2255 Motion states: "I'M asking if would you you please take in consideration My 'case The one I Have an enhencement Code is (2L1.2) It Supposted be against the law If you please helpe me with this matter." Dkt. No. 1 at 12 (errors in original). He does not assert additional grounds for relief, or elaborate on these statements. *See generally id.* Construed liberally, Gonzalez-

3/8

Quintanilla appears to be arguing that the Court improperly enhanced his sentence pursuant to § 2L1.2 of the United States Sentencing Guidelines ("U.S.S.G."). Alternatively, he appears to be arguing that § 2L1.2, as applied to him, is "against the law." *Id.* at 12.

On appeal, Gonzalez-Quintanilla argued that the Court erred in enhancing his sentence pursuant to U.S.S.G. § 2L1.2. *See United States v. Gonzalez-Quintanilla*, 786 F. App'x 4, 5 (5th Cir. 2019) (referencing Gonzalez-Quintanilla's argument that the Court "erred in enhancing his base offense level" pursuant to U.S.S.G. § 2L1.2(b)(3)(D)). In a decision that has not been overturned, the Fifth Circuit rejected his claim, finding that Gonzalez-Quintanilla's argument was belied by its own precedent. *Id.* at 5-7 (citing *United States v. Vargas-Garcia*, 434 F.3d 345, 350 (5th Cir. 2005); *United States v. Vega-Ruiz*, No. 18-40475, 775 Fed. Appx. 148, 2019 WL 2303876 (5th Cir. 29 May 2019)). The Government contends that, "pursuant to the law-of-the-case doctrine, where an issue is raised and decided on direct appeal, that issue may not be re-litigated in a motion pursuant to § 2255." Dkt. No. 13 at 11. The Government is correct; therefore, summary judgment should issue. *See United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004) (finding that a claim "raised and rejected on direct appeal" could not be raised in a § 2255 motion on collateral review); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.").

To the extent that Gonzalez-Quintanilla is attempting to raise a similar but different claim regarding § 2L1.2, the claim is subject to summary judgment for at least three main reasons. First, the claim is subject to summary judgment because it is vague,

conclusory, and unclear. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Johnson v. Davis*, No. 4:17-CV-0057, 2020 WL 1062994, at *5 (S.D. Tex. Mar. 4, 2020) ("Conclusory allegations are insufficient proof to warrant federal habeas corpus relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)").

Second, Gonzalez-Quintanilla may not attack the Court's technical application of the sentencing guidelines pursuant to § 2255 because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted).

Third, to the extent Gonzalez-Quintanilla is attempting to argue that § 2L1.2, as applied to him, is "against the law" (*see* Dkt. No. 1 at 12), his claim is simply incorrect. In sentencing Gonzalez-Quintanilla, the Court adopted the findings contained in his Presentence Investigation Report ("PSR") "without change." CR Dkt. No. 25 at 1. The PSR calculated Gonzalez-Quintanilla's offense level pursuant to U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A), and 2L1.2(b)(3)(D) of the 2018 edition of the United States Sentencing Commission Guidelines Manual. Dkt. No. 18 at 4-5, ¶¶ 14-17. As the Government correctly states:

> Prior to sentencing, the 2018 Guidelines Manual was used to calculate Gonzalez-Quintanilla's offense level and criminal history score. PSR, para. 14. The base offense level for a violation of 8 U.S.C. § 1326(a) and (b)(1) is eight and found at U.S.S.G. § 2L1.2(a). Gonzalez-Quintanilla's offense level was increased by four levels as a result of, (1) his 2011 illegal re-entry conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(A),[3] and, (2) the 2018 Texas possession of marijuana conviction pursuant to U.S.S.G. § 2L1.2(b)(3)(D). PSR, paras. 16-17. Gonzalez-Quintanilla's adjusted offense level was thus 16. Because he demonstrated acceptance of responsibility for his crime, the PSR recommended a three-level reduction, bringing Gonzalez-Quintanilla's total offense level to 13. PSR, paras. 23-25.

Dkt. No. 13 at 3-4 (footnote in original).

Section 2L1.2 was amended on November 1, 2018. *See* U.S.S.G. § 2L1.2 (Credits) (showing that § 2L1.2 was last amended November 1, 2018). The PSR calculated Gonzalez-Quintanilla's offense level on November 28, 2018, nearly a month after § 2L1.2 was amended. *See* CR Dkt. No. 18 at 15. The November 1, 2018 amendments to § 2L1.2 did not materially alter §§ 2L1.2(a), 2L1.2(b)(1)(A), or 2L1.2(b)(3)(D). *Compare* U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A), and 2L1.2(b)(3)(D) (2016), *with* U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A), or 2L1.2(b)(3)(D) (2018). Thus, the amendments to § 2L1.2 are not relevant to Gonzalez-Quintanilla's case.

Furthermore, §§ 2L1.2(a), 2L1.2(b)(1)(A), and 2L1.2(b)(3)(D) have not been amended since Gonzalez-Quintanilla was sentenced on December 19, 2018. *See* U.S.S.G. § 2L1.2 (Credits) (showing that § 2L1.2 was last amended November 1, 2018); CR Dkt No. 24 at 1 (listing a sentencing date of December 19, 2018). Accordingly, there

---

[3] The PSR appears to contain a typographical error in that it refers to U.S.S.G. § 2L1.2(b)(1)(B). PSR, para. 16. However, the language of the PSR, and the language in the Guidelines Manual, reflect the four-level increase was proper under U.S.S.G. § 2L1.2(b)(1)(A) because Gonzalez-Quintanilla 'committed the instant offense after sustaining a conviction for a felony that is an illegal re-entry offense . . . .'"

is no merit to Gonzalez-Quintanilla's claim that § 2L1.2, as applied to him, was "against the law" when he got sentenced, or thereafter.  The Government's Motion for Summary Judgment should be granted.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Gonzalez-Quintanilla has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court: (1) **GRANT** the Government's Motion for Summary Judgment; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED on this _10th_ day of March, 2020.

Ignacio Torteya, III
United States Magistrate Judge